The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas Berger and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A set of stipulations were agreed upon at a Pre-Trial Conference and entered into an Order on March 7, 1995. These stipulations are incorporated herein by reference.
2. The parties entered into a Pre-Trial Agreement which is incorporated herein by reference.
3. A Form 22 was received into evidence and marked as stipulated Exhibit No. 1 (one page).
4. Subsequent to the hearing, the parties submitted the medical records of Dr. Peters marked as stipulated Exhibit No. 2. These records were received into evidence (two pages).
5. Subsequent to the hearing, the parties submitted the deposition of Dr. Habashi. The undersigned determined that plaintiff's Exhibit No. 1 had not been attached to the depositions. Counsel for the plaintiff faxed a copy of plaintiff's Exhibit No. 1 to the undersigned on August 14, 1995. Plaintiff's Exhibit No. 1 contains the medical records of Dr. Coniglio and have been attached to Dr. Habashi's deposition (fourteen pages).
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was a forty-seven year old male who was employed by the defendant-employer as a road service mechanic. Plaintiff's regular job duties included traveling in a compact Toyota pick-up truck approximately 500 to 600 miles a week to different customer locations and repairing forklifts. It was a usual and customary duty for the plaintiff to operate this Toyota pick-up truck that customarily did not provide a smooth ride.
2. About six to eight months after he began to work for the defendant-employer in 1991, plaintiff began to experience shoulder pain and tingling in his arms as well as neck pain while operating the compact Toyota pick-up truck.
3. During the week of January 22, 1994, to January 28, 1994, plaintiff traveled over 1,100 miles in the compact Toyota pick-up truck. During this time period, plaintiff's pain worsened to such an extent that plaintiff sought medical treatment from Dr. Carpenter.
4. Dr. Carpenter ordered an MRI scan, and then referred the plaintiff to Dr. McBride of Charlotte Orthopaedic Specialists. Dr. McBride diagnosed the plaintiff as having sustained degenerative disc disease and spondylosis at the C5-6 level of the spine. Plaintiff was treated briefly by Dr. McBride and then chose to continue his treatment with Dr. Coniglio.
5. On April 28, 1994, Dr. Coniglio performed surgery on plaintiff's neck. At the time that plaintiff was treated by Dr. Coniglio, plaintiff was suffering from a herniated disc. Dr. Coniglio moved out of town, and plaintiff continued his treatment with Dr. Habashi.
6. There is insufficient medical evidence of record to find by its greater weight that plaintiff's employment resulted in a herniated disc and/or caused or aggravated plaintiff's degenerative disc disease and spondylosis. Dr. Habashi's opinion on causation is given little weight due to the fact that he was incorrectly assuming that plaintiff's symptoms began in 1991 and then got much worse in January of 1994 when he drove 1,100 miles in one day.
7. There is insufficient medical evidence of record from which to determine by its greater weight that plaintiff's employment with defendant-employer placed plaintiff at an increased risk of developing a herniated disc, degenerative disc disease or spondylosis than members of the general public so employed.
8. Plaintiff's back injuries occurred gradually over a long period of time and were not the result of events which occurred contemporaneously during a cognizable time period.
9. Plaintiff has sustained a fifteen percent permanent partial disability to his back.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In January of 1994, plaintiff's back problems did not result from an injury by accident or a specific traumatic incident of the work assigned arising out of and in the course of his employment with defendant-employer. N.C. GEN. STAT. § 97-2 (6).
2. Plaintiff has no disease and no disability related to causes and conditions which were characteristic of and peculiar to his employment with the defendant-employer. N.C. GEN. STAT. § 97-53 (13).
3. Plaintiff is, therefore, entitled to no benefits under the Workers' Compensation Act. N.C. GEN. STAT. § 97-2 (6); N.C. GEN. STAT. § 97-53 (13).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
3. Defendants shall pay an expert witness fee to Dr. Dupuy in the amount of $215.00.
 S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________________ DIANNE C. SELLERS COMMISSIONER
S/ __________________________ COY M. VANCE COMMISSIONER
LKM/bjp